Snodgrass, J.,
delivered the opinion of the court:
This is an application for writ of error, supersedeas, and restitution by defendant, Williams, the clerk and master of the chancery court of Jackson county. Notice was given, and the petition presented to me at chambers, accompanied by briefs of counsel on both sides. In accordance with the practice of the court when in session, the application has been considered on consultation by the. court, and the result reached is one concurred in by all the members of the court. It is that the petitioner is entitled to the writs prayed for.
Petitioner was, on the 9th day of January, 1889, the clerk and master of the chancery court of Jackson county. On that day the chancellor, assuming that the office was vacant by virtue of the expiration of the constitutional term, so declared, and appointed the petitioner, Stafford, thereto. Stafford then instituted proceedings to recover the books and papers, etc., of the office, under secs. 993, 994, Code (Mill. & V.), [Shannon’s Code, secs. 1126, 1127], before S. A. Smith, chairman of the county court of Jackson county. On the hearing, he adjudged Stafford entitled to the relief sought, and issued the warrant provided for in sec. 998 [Shannon’s Code, sec. 1131], to the sheriff of Jackson county, “commanding him to search for the books, papers, and property belonging and appertaining to the office, and to seize and bring them before him.” Tliis warrant issued 8th of April, 1889. It was on the same day returned with the following indorsement by the sheriff: “Came to hand same day issued. Executed as commanded, by searching the office of the clerk and master in the courthouse in Gainesborough, Tenn., and turning over the books and papers in said office as commanded. A list of the books is contained in a recepit given by J. W. Stafford to S. A. Smith. W. C. Morgan, Sheriff.” The judgment on which this warrant issued was rendered two days preceding. The defendant tendered a bill of excep *314 tions at tlie time, which was signed, and now seeks to have this action of the court superseded, and to have the books and papers taken from him restored, and the judgment reversed, on writ of error.
The record shows that IT. W. Williams was appointed several times — the last time on the 5th of November, 1883; and this appointment was for six years. His term of office had not, therefore, expired when the appointment of Stafford was made, and would not expire before November 5,, 1889. When there is a vacancy in the office of a clerk appointed under the constitution, this court has several times held, in cases reported and unreported, that the appointment was for the full term of six years from its date (Gold v. Fite, 2 Bax., 250; Williams v. Cox, unreported), and in the matter of appointments of this court. But it is insisted that no supersedeas can be issued, because the judgment of the chairman of the county court has been executed, and that a supersedeas cannot affect it. Numerous cases are cited by counsel on this point, and others are tc be found cited under secs. 4701 and 5265 of the Code (Mill. & V.), [Shannon’s Code, secs. 5738, 6348]. They all relate to supersedeas of interlocutory decrees, and not to a final decree. The court very early took a distinction respecting the practice in such cases (Kearney v. Jackson, 1 Year., 294), and it is not difficult to show the propriety of a different practice, if it were necessary. But in this case it is not necessary. The order which it is assumed is executed is not executed. It simply directs the issuance of a search-warrant commanding the sheriff to search such places as may hereafter be designated in the warrant for all the books, papers, records, property, furniture, etc., belonging to the office of clerk and master of Jackson county, Tenn., and to bring them before the chairman for the purpose of delivering them over to James W. Stafford. The statute sav-' that “he shall examine and inquire whether the fa:”" appertained to the office vacated, in which case he *315 shall cause such books, papers, and property to be delivered to the complainant.” [Shannon’s Code, sec. 1132], The order as made does not recite that an inquiry and examination will be had mi return of the books, papers, records, property, furniture, etc., before S. A. Smith; but, of course, that is its meaning, and, if it were intended to mean anything else, it would be to that extent invalid. But it does, in accordance with the statute, and in terms, require that the thing shall be brought before him. The warrant issued under this order, commands a search of the clerk and master’s office, and an old office near his residence, the residence itself, and that of the deputy clerk and master, and a seizure of “all the books, papers, records, property, furniture, and everything of and belonging to the office of clerk and master.” The return shows only a search of the “office in the court-house and a'turning over of the books and papers in said office, as commanded within.” It is not attempted to be executed beyond this, as to a seizure of anything other than such books and papers as were found there. Whatever effects or property which appertained to the office, as may have been in the other places designated by the warrant to be searched, or whatever may have been in that office outside of the “books and papers,” has .not been seized or turned over to S. A. Smith according to the warrant and return of the officer, though it is still liable to seizure under the order superseded.
Then, too, the books and papers seized, are, according to the return, in the hands of S. A. Smith, or should be; for this record shows no judicial examination, inquiry, and award of them to complainant after seizure. The recitation in conclusion of the return of the sheriff is ineffectual to show any such disposition of them, if such, as it probably is, is its purpose. So fax as the record shows, the books and liapers are in the hands of Smith, chairman, awaiting the examination and inquiry required by the statute, and such action is necessary to the final execution of the order made; *316 and upon this ground a supersedeas will be. effectual to reach tlieir disposition, as well as to prevent the further execution of the order by additional seizure. So that there is really no technical difficulty, in this case, in affording ample remedy by supersedeas.
Independently of these considerations, however, we hold that in a case like this, in which, on writ of error, a super-sedeas is the only remedy, with restitution where the order has been executed, we will order it to so- operate, and thus preserve the rights of the parties as they were before judgment. This case most strikingly illustrates the propriety, as well as the necessity, of such construction, because, if the books and papers of the office could be detained from the defendant until this court meets, in December, his term would be out, and he would ha.ve no use for a judgment restoring them to his possession. The clerk will therefore issue writs of error and supersedeas to- the order of the chairman of the county court of Jackson county, and directing the restoration of the books and papers taken from the office of the clerk and master, to defendant, Williams, upon his giving bond, with good security, in the penalty of $2,000, conditioned as required by law, to abide by and perform the judgment of this court in this case on final bearing, and usual cost bond.